IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA E. BOSWELL,

       Petitioner,                   No. CIV S-09-1466 KJM P

   vs.

WARDEN IVES,

       Respondent.              <u>ORDER</u>

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of habeas corpus, which he claims he is bringing under the authority of 28 U.S.C. § 2241. Petitioner has paid the filing fee for such an action.

        Generally, a petition under 28 U.S.C. § 2241 lies to attack the execution, rather than the validity, of a sentence. <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235 (3d Cir. 2005); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) (a motion contesting the legality of a conviction or sentence must be filed under § 2255). A motion to vacate the sentence under 28 U.S.C. § 2255 must generally be filed in the sentencing court, while § 2241 petitions are properly filed in the custodial court. <u>Id</u>. at 863. Petitioner is imprisoned in FCI Herlong, which is in this district.

/////

Petitioner's action attacks his conviction from the District of South Dakota. Before this court may transfer the case, however, it must determine whether the "savings clause" of § 2255 applies, which would allow plaintiff to challenge the legality of his sentence in a § 2241 petition. <u>Id</u>. at 864-65. Only when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," <u>id</u>. at 865, is it appropriate for a court in the custodial district to consider a challenge to the prisoner's conviction. To meet the savings clause criteria, a petitioner must make a claim of actual innocence and show that he has not had an unobstructed procedural avenue to raise that claim. <u>Harrison v. Ollison</u>, 519 F.3d 952, 959 (9th Cir. 2008). It is not enough to show that the claim is now barred; rather, petitioner must show he never had the opportunity to raise his claim. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1060 (9th Cir. 2003).

Petitioner invokes the savings clause and suggests that his claim is based on a change in the law, one he does not identify. Pet. at 4. He has asked leave to file a memorandum of law in support of his petition. The court will permit him to do so, limited to application of the savings clause to this petition.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion to file a memorandum of law (docket no. 2) is granted; and

2. Plaintiff's memorandum, due within thirty days of the date of this order, should address only the application of the savings clause to his case.

DATED: October 8, 2009.

_____
U.S. MAGISTRATE JUDGE

2/mp
bosw1466.108